IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL BARNETT**,

        Petitioner,

v.                               Civil Action No.: 3:18-CV-61 (GROH)

**WARDEN HENDRIX,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 30, 2018, Petitioner Michael Barnett ("Petitioner"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at Morgantown FCI who is challenging his prison disciplinary proceeding, specifically his removal from the Residential Drug Abuse Program ("RDAP"). Petitioner also filed with his petition five pages of additional grounds [ECF No. 1-1], a ten-page memorandum in support of the petition [ECF No. 1-2] and thirty pages of exhibits [ECF Nos. 1-3 through 1-26].

On June 22, 2018, Petitioner filed a pleading styled as, "Addendum in Support of Petition for Writ of Habeas Corpus". ECF No. 9. The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-61, unless otherwise noted.

## II. BACKGROUND[2]

### A. Conviction and Sentence

On January 13, 2015, Petitioner was indicted in the Southern District of New York, case number 7:15-CR-17. ECF No. 1. On May 6, 2015, a thirty-one count superseding indictment was filed against Petitioner. He was charged with conspiracy (Count 1), wire fraud (Counts 2 through 13), mail fraud (Count 14), false statements in loan and credit applications (Counts 14 through 27), engaging in monetary transactions in property derived from specified unlawful activity (Count 28), and false statements (Counts 29 through 31). ECF No. 11. Petitioner entered a guilty plea on January 19, 2016 to Count 1 of the superseding indictment. ECF No. 44. The District Court adjudged Petitioner guilty on March 8, 2016. ECF No. 45. On October 26, 2016, Petitioner was sentenced to 37 months for Count 1, to be followed by 3 years of supervised release. ECF Nos. 130 at 34:17 – 20, 131. Restitution was imposed in the amount of $1,334,620.00. ECF No. 131.

### B. Prison RDAP Placement and Expulsion

Petitioner arrived at Morgantown FCI on June 13, 2017, and was placed on the wait list for RDAP, and was subsequently admitted to the program. ECF No. 1-8. On September 5, 2017, Petitioner was given a formal warning for "aggressive and passive-aggressive communication used to manipulate others." ECF No. 1-9. He was given an

---

[2] The facts in sections II.A and II.B. are taken from the Petitioner's criminal Case No. 7:15-CR-17 in the United States District Court for the Southern District of New York, available on PACER. Unless otherwise noted, the ECF entries in these sections refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

additional formal warning on September 27, 2017, "with a treatment intervention for continued poor communication, manipulation, power orientation, blaming others, attempting to circumvent consequences and general lack of progress in treatment." ECF No. 1-11.  Part of the second formal warning was "to refrain from engaging in business dealings or transactions while incarcerated."  Id.  On March 7, 2018, Petitioner was discharged from the RDAP program for continuing to "engage[ ] in business transactions as well as his continued poor treatment progress."  Id.  Petitioner was advised he could reapply for RDAP 90 days after expulsion[3].  Id.

## III.   DISCUSSION

### A.   The Petition

Among other complaints, Petitioner asserts that he was improperly expelled from the RDAP program because of a procedural error and erroneous finding of facts.  ECF No. 1 at 5.  He claims he was treated dissimilarly than other inmates based on racial bias[4] and sexual preference[5], and seeks injunctive relief to be reinstated to the RDAP program.  Id. at 6.   Petitioner claims that the two formal warning which were issued to him did not give him notice that his progress was unsatisfactory, and further, that he did not receive an incident report for disruptive behaviors.  ECF No. 1-1 at 1.  For relief, Petitioner requests that the Court order his reinstatement to RDAP.  ECF no. 1 at 7.

---

[3]   The Bureau of Prisons inmate locator service lists Petitioner's projected release date as September 12, 2019.

[4]   Petitioner asserts that he "encountered racial bias as he is a white collar inmate" placed among "a greater number of drug offen[ders] . . . versus white collar crim[inals who] are inmates with a less severe addiction and prison sentence."  ECF No. 1-1 at 2.

[5]   Petitioner asserts that he "was exposed to multiple PREA [Prison Rape Elimination Act] sexual misbehaviors", and that he was labelled a "whistleblower" after reporting those acts.  ECF Nos. 1-1 at 2, 1-2 at 9.

### B.     Analysis of the Petition

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court.  Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

The petition twice states that administrative proceedings are pending.  First, Petitioner states, "I made an administrative grievance regarding a 'P.R.E.A.' violation. The result is under pending investigation."  ECF No. 1 at 7.  Second, Petitioner states that the matter is "under investigation/administrative remedy" in response to a question regarding the result of the claim.  Id. at 8.  Thus, the failure to exhaust is clear on the face of the petition and the sua sponte dismissal of this action is appropriate.

### IV.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

If is also **RECOMMENDED** that Petitioner's Motion to Expedite [ECF No. 11] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** August 6, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE